UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| JAMES JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 16-24-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| B. BARRON, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate James Johnson has filed an original and an amended *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking to challenge a prison disciplinary conviction for attempting to manufacture alcohol. [Record Nos. 1, 5] On October 16, 2013, Johnson placed a white bag containing fruit juice on the window sill of the prison laundry room. When officers noticed the bag, they reviewed video footage from closed circuit television cameras and determined that Johnson had placed it there. During an interview the next day, Johnson admitted that he had placed the bag there in an attempt to make alcohol. When the liquid tested negative for alcohol, Johnson was charged with attempting to manufacture alcohol or other intoxicants, an offense described as Code "111-A" in the incident report. [Record No. 1-1 at 1-2; 1-2 at 2]

During a disciplinary hearing held on October 31, 2013, Johnson stated that "[t]he report is true; I accept responsibility for this." The disciplinary hearing officer found Johnson guilty of the offense and imposed various sanctions, including the disallowance

of 41 days of good conduct time and the forfeiture of 324 days non-vested good conduct time.  The sanctions were ordered to be "served consecutive to like sanctions previously imposed."  [Record No. 5-1 at 1-3]  In his petition, Johnson contends that:  (1) there is no such thing as a "Code 111-A" offense and, therefore, he lacked fair notice of the punishment he could receive for committing it, and (2) the sanction imposed was too severe.  Johnson requests that the disciplinary conviction be expunged from his record and that his good conduct time restored.  [Record No. 1-1 at 2, 3]

The Court must screen Johnson's petition, *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011), liberally construing his claims because he is proceeding *pro se*.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to Johnson's § 2241 petition pursuant to Rule 1(b), requires the Court to deny his petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."

Johnson does not contend that he was denied the procedural protections required by due process under *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974) or *Superintendent v. Hill*, 472 U.S. 445, 454 (1985).  Instead, he first claims that "[n]o where in the inmate prison rule book or in the Federal Bureau of Prisons program statement does it tell us (inmates) the punishment for any prihibited (*sic*) code violation with the letter 'A' at the end of each number violation."  Noting that "[d]ue process requires that inmates receive fair notice of a rule before they can be sanctioned for its violation" [Record No. 1-1 at 3

(citing *Forbes v. Trigg*, 976 F.2d 308, 314 (7th Cir. 1992)], Johnson implies that his disciplinary sanction violated his due process rights.

Even assuming that this fair notice requirement applies not just to prison rules but to the possible punishments imposed for violating them, Johnson's claim necessarily fails because the Bureau of Prisons provided him with the very notice that he claims was lacking. The BOP's Inmate Discipline Program is set forth in detail in BOP Program Statement ("PS") § 5270.09 (July 8, 2011). Prohibited Act Code 111 prohibits "[i]ntroduction or making of any narcotics, marijuana, drugs, alcohol, intoxicants, or related paraphernalia, not prescribed for the individual by the medical staff." PS § 5270.09, Table 1. Johnson was unsuccessful in his attempt to make alcohol, but "...[a]iding, attempting, abetting, or making plans to commit any of the prohibited acts is treated the same as committing the act itself." 28 C.F.R. § 541.3(a). The Program Statement explains:

> In all categories of severity, aiding another person to commit any of these offenses, attempting to commit them, or making plans to commit them, is considered equivalent to committing the offense itself. In these cases, the letter "A" is combined with the offense code. For example, planning an escape is Escape, Code 102A. Attempting to adulterate food or drink is Code 209A.

BOP Program Statement § 5270.09 Ch. 1 § 541.3(b)(5) (July 8, 2011). The Program Statement thus provided all inmates with clear prior notice that attempting to violate a prison rule carries the same consequences as actually doing so, and his due process claim therefore is without merit. *Falkiewicz v. Grayson*, 110 F. App'x 491, 492 (6th Cir. 2004) (applying *Colten v. Kentucky*, 407 U.S. 104, 110 (1972) and *City of Chicago v. Morales*,

- 3 -

527 U.S. 41, 56 (1999) to conclude that prison rule need only give fair warning of the conduct prohibited to overcome vagueness challenge).

Johnson also contends that the sanction imposed was so severe that it constituted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. [Record No. 1-1 at 2] However, because a claim that disallowance of good time credits constituted cruel and unusual punishment would not, even if valid, affect the duration of Johnson's confinement, it cannot be pursued in a habeas petition under § 2241. See *Stanko v. Obama*, 422 F. App'x 146 (3d Cir. 2011); *Ricco v. Conner*, 146 F. App'x 249, 253 (10th Cir. 2005). Even if this were not so, a prison disciplinary sanction need only be reasonably proportionate to the severity of the offense. *Overton v. Bazzetta*, 539 U.S. 126, 137 (2003); *Rummel v. Estelle*, 445 U.S. 263, 271-74 (1980). The forty-one days of good conduct time disallowed was permissible under 28 C.F.R. § 541.4(b)(1).

Further, the DHO report directed that Johnson's sanctions were to be "served consecutive to like sanctions previously imposed." [Record No. 5-1 at 1-3] Because Johnson was already subject to sanctions for other offenses, the forfeiture of 324 days of non-vested good conduct time was not inappropriate. Cf. *Jackson v. Sneizek*, 342 F. App'x 833, 836 (3d Cir. 2009) (upholding disallowance of 54 days of good conduct time and forfeiture of 352 days of non-vested good conduct time against Eighth Amendment challenge for prisoner's Code 110 offense for refusing to provide a urine sample). Accordingly, it is hereby

**ORDERED** as follows:

- 5 -

    1.    Petitioner Johnson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

    2.    This action is **DISMISSED** and **STRICKEN** from the Court's docket.

    3.    Judgment in favor of the respondent shall be entered this date.

This 19th day of April, 2016.

Signed By:
*Danny C. Reeves* DCR
United States District Judge